21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard COLLINS, Plaintiff-Appellant,
v.
Frank O. GUNTER, George E. Sullivan, Lou Hesse, Frank
Miller, Irving Jaquez, and Ken Gregg, Defendants-Appellees.
 No. 93-1293.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Richard D. Collins, a pro se state prisoner, brought this civil rights action under 42 U.S.C.1983 (1988) against various officials of the Colorado Department of Corrections alleging that his constitutional rights were violated when he was transferred from maximum security/general population to maximum security/administrative segregation. Mr. Collins asserts that the prison regulations applicable to such transfers created a constitutionally cognizable liberty interest in his placement in the general prison population and that he was therefore entitled to procedural due process protection. He further alleges that the procedure by which he was transferred to administrative segregation was constitutionally deficient. The lower court concluded that the regulations at issue did not create a liberty interest or any due process rights, and dismissed the action for failure to state a claim. Mr. Collins appeals and we affirm.
 
 
 3
 An inmate does not generally have a constitutionally protected liberty interest in remaining free from placement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The existence of procedural guidelines regulating the use of administrative segregation does not alone create a liberty interest in remaining in the general prison population. Id. at 471. However, when the regulations use "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed," thereby placing substantial limitations on the exercise of official discretion, a protected liberty interest is created. Id.
 
 
 4
 We have carefully examined the regulations upon which Mr. Collins relies and we conclude that they do not place the mandatory limits upon administrative segregation decisions necessary to give rise to a liberty interest in remaining free from such segregation. The standards governing administrative segregation specifically state that transfers "shall be ordered in the sound exercise of discretion by the classification officer or committee." Brief of Aplt., att. 4, at 4. Although the regulation does set out factors which may be considered in initiating a transfer to administrative segregation, the regulation also includes "[a]ny other reasons of similar magnitude deemed sufficient by the classification officer or committee." Id. Because the transfer decision is clearly a matter committed to the exercise of official discretion, Mr. Collins has no cognizable liberty interest in remaining free from administrative segregation. Mr. Collins therefore has no interest entitled to constitutional procedural protection. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983). "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Id. at 250 n. 12. Absent a substantive liberty interest, Mr. Collins has no independent constitutional right to procedural due process. Id. at 250-51.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470